UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| TODD DEUTSCH,<br><br>Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | 5:25-CV-05060-RAL<br><br><br>OPINION AND ORDER DENYING<br>MOTION TO COMPEL CLIENT FILE AND<br>MOTION FOR LIMITED DISCOVERY |

Petitioner Todd Deutsch has moved under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence in United States v. Deutsch, No. 5:20-cr-50006, and he has asserted sixteen ineffective assistance of counsel claims. Doc. 27. Since the filing of his amended § 2255 motion, Deutsch has filed two more motions, including a motion to compel his trial counsel to produce his complete client file, Doc. 28, and a motion for limited discovery, Doc. 29. For the reasons explained below, Deutsch's motions are denied.

I.      **Background**

On August 4, 2025, Deutsch filed a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. Doc. 1. On January 13, 2023, a jury found Deutsch guilty of Conspiracy to Distribute a Controlled Substance, and on July 11, 2023, the Honorable Jeffrey L. Viken entered Judgment in Deutsch's criminal case. United States v. Deutsch, No. 5:20-cr-50006, Docs. 157, 191. Deutsch appealed to the United States Court of Appeals for the Eighth Circuit, which affirmed the Judgment, with its mandate issuing on August 21, 2024. United States v. Deutsch,

1

No. 5:20-cr-50006, Docs. 192, 217, 218, 219.  Deutsch appears to have timely filed his § 2255 motion.

On October 17, 2025, this Court directed service of the motion on the Respondent, the United States, and ordered that the Respondent file an answer, and if it so chose, a motion to dismiss within thirty days of service of the pleadings or thirty days after lapse of federal government funding is resolved if the Respondent's attorney was furloughed at the time of this Court's order.  Doc. 4.  Following the restoration of appropriations and the Affidavit of John R. Murphy, who was Deutsch's trial counsel, counsel for the United States filed a Response to the Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 along with a Motion to Dismiss on March 9, 2026.  Docs. 12, 17, 18, 19.

On March 23, 2026, Deutsch filed a Motion for Leave to File Amended Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255, with a number of attachments, including an attached amended motion.  Doc. 20.  A few days later, on March 30, 2026, Deutsch filed a Motion for Leave to File Second Supplemental Amendment to Amended Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 with additional attachments, including a proposed second supplemental amendment to amended motion and proposed appendix.  Doc. 21.  The United States requested additional time to respond, Doc. 22, which this Court granted, Doc. 23.

On April 6, 2026, Deutsch notified this Court that he had not received a copy of the United States' Response, Doc. 17, Motion to Dismiss, Doc. 18, or Memorandum in Support of Motion to Dismiss, Doc. 19.  Doc. 24.  Deutsch has requested that any deadline to respond to the United States' Motion to Dismiss be calculated from the date he receives those documents and has written that the FCI Florence inmate mail log shows the absence of delivery of legal mail.  Id.  The next

2

day, counsel for the United States filed a Certificate of Service showing that she had resent Deutsch by first-class mail copies of the Response, Doc. 17, Motion to Dismiss, Doc. 18, and Memorandum in Support of Motion to Dismiss, Doc. 19. Doc. 25.

On April 16, 2026, this Court granted Deutsch's Motion for Leave to File Second Supplemental Amendment, Doc. 21, and directed that the Amended Motion and Appendix attached at Doc. 21-2 and Doc. 21-3 be docketed as the Amended Motion to Vacate, Set Aside, or Correct Sentence. Docs. 26, 27. This Court further denied the pending Motion to Dismiss as moot without prejudice to refiling and allowed the United States to re-file a motion to dismiss addressing the additional grounds raised in the amended § 2255 motion. Doc. 26.

On April 17, 2026, Deutsch filed a motion to compel Murphy to disclose his client file, Doc. 28, along with a motion for limited discovery under Rule 6 of the Rules Governing Section 2255 Proceedings, Doc. 29, and attached declaration in support of the discovery motion, Doc. 30. The United States filed a motion for an extension of time to file a response and motion to dismiss, which was granted. Docs. 31, 33. On May 18, 2026, Murphy filed an affidavit addressing each of Deutsch's amended ineffective assistance of counsel claims. Doc. 32. Within that affidavit, Murphy attested, "After trial, per his request, I sent him his entire file, which included all of the pleadings I had, as well as the transcripts, my notes, copies of correspondence, etc." Id. at 4.

## II.    Discussion

This Court will first address Deutsch's discovery motion before turning to Deutsch's motion to compel his file.

### A. Motion for Limited Discovery Under Rule 6 of the Rules Governing Section 2255 Proceedings

Deutsch has moved under Rule 6 of the Rules Governing Section 2255 Proceedings for an order authorizing limited discovery. Doc. 29. Deutsch seeks "the FBI Form 302 reports and any

state law enforcement investigative reports documenting the statements obtained from the fourteen to twenty witnesses the government represented it would call to prove the Deutsch-Jackson conspiracy." Id. at 4.  Deutsch asserts that these materials will help him prove his claims of ineffective assistance of trial counsel, specifically, "the failure to investigate and call Brian Jackson, Josh Sanders, and Anthony Curry as defense witnesses; the failure to challenge drug quantity attribution; the failure to challenge co-conspirator hearsay; and the failure to object to evidence from the separate LFF conspiracy." Id. at 5.  The United States has not responded to the motion at the time of this Order.

Rule 6 of the Rules Governing Section 2255 Proceedings provides that "[a] judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Criminal Procedure or Civil Procedure, or in accordance with the practices and principles of law." Rules Governing Section 2255 Proceedings R. 6(a).  Further, "[a] party requesting discovery must provide reasons for the request," which "must also include any proposed interrogatories and requests for admission, and must specify any requested documents." Rules Governing Section 2255 Proceedings R. 6(b). "A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." Newton v. Kemna, 354 F.3d 776, 783 (8th Cir. 2004) (citing Bracy v. Gramley, 520 U.S. 899, 904 (1997)); see also United States v. Cuya, 964 F.3d 969, 973 (11th Cir. 2020) (providing that "discovery in habeas actions is more limited than in other civil cases" (emphasis omitted)).

The Supreme Court has developed the following approach to determine whether a petitioner has established "good cause" warranting discovery under Rule 6:

> Under Bracy,[1] a habeas court must identify the essential elements of the petitioner's substantive claim, evaluate whether specific allegations . . . show reason to believe

---

[1] Bracy v. Gramley, 520 U.S. 899 (1997).

4

that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief, and, if the petitioner has made such allegations, provide the necessary facilities and procedures for an adequate inquiry[.]

Newton, 354 F.3d at 783 (cleaned up and citations omitted). "Then assuming that a petitioner establishes good cause, it is subject to the discretion of the Court." United States v. Williams, No. Civ. 17-4516, 2018 WL 2208310, at *5 (D. Minn. May 14, 2018) (citing Newton, 354 F.3d at 783).

Review of the record before this Court, including the recent filing of Murphy's updated affidavit responding to Deutsch's ineffective assistance of counsel claims, fails to establish good cause to authorize limited discovery in the areas that Deutsch identifies in his motion. As noted above, Deutsch seeks this limited discovery to help him show Murphy's ineffective assistance of counsel through the failures to (1) investigate and call Jackson, Sanders, and Curry as defense witnesses, (2) challenge drug quantity attribution, (3) challenge co-conspirator hearsay, and (4) object to evidence from a separate conspiracy. Doc. 29 at 5. Murphy specifically responds to these claims and notes that (1) Jackson, as a co-defendant who pleaded guilty but refused to cooperate, was never available to the defense to call as a witness; Sanders's testimony would have been devastating to Deutsch's case and he made a strategic call not to have him testify; and Curry, who could have testified to previous dealings with Deutsch, was missing at the time of the trial as he was on the run from law enforcement; (2) Murphy did challenge the drug quantity determination during sentencing and argued in closing during trial that the evidence did not support finding that Deutsch was involved with 500 or more grams of methamphetamine; (3) Murphy recalls making evidentiary objections concerning the general failure to challenge co-conspirator hearsay claim; and (4) Murphy did obtain a separate conspiracy jury instruction from the trial court and did not ignore the evidence from the separate conspiracy. Doc. 32 at 2–7 (citing United States v. Deutsch,

5

No. 5:20-cr-50006, Docs. 178, 182, 187). Moreover, Murphy attested that he kept Deutsch well-informed throughout the representation and provided a copy of his file to Deutsch thereafter. Id. at 4.

Deutsch's claims in his § 2255 motion allege ineffective assistance of counsel and not Brady violations or other kinds of constitutional misconduct on the part of the government. The Sixth Amendment to the United States Constitution guarantees the right to effective assistance of counsel in criminal prosecutions. U.S. Const. amend. VI; see also Gideon v. Wainwright, 372 U.S. 335, 339 (1963); Johnson v. Zerbst, 304 U.S. 458, 462–63 (1938); Powell v. Alabama, 287 U.S. 45, 63 (1932). To establish a claim of ineffective assistance of counsel, the petitioner must show both that his counsel's performance was deficient, and that the deficient performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). To meet this two-pronged standard, the petitioner must show that "(1) his counsel's representation fell below an objective standard of reasonableness; and (2) there is a reasonable probability that, but for his counsel's unprofessional errors, the result of the proceeding would have been different." United States v. Ledezma–Rodriguez, 423 F.3d 830, 836 (8th Cir. 2005).

Courts are not to "second-guess" trial strategy. Williams v. United States, 452 F.3d 1009, 1013 (8th Cir. 2006). "The Sixth Amendment right to counsel functions to ensure that defendants receive a fair trial, not a perfect one." Willis v. United States, 87 F.3d 1004, 1008 (8th Cir. 1996). "[C]ounsel has a duty to conduct a reasonable investigation or to make a reasonable determination that an investigation is unnecessary," and the Eighth Circuit typically "consider[s] strategic decisions to be virtually unchallengeable unless they are based on deficient investigation." Worthington v. Roper, 631 F.3d 487, 500 (8th Cir. 2011) (citation omitted); see also English v.

6

United States, 998 F.2d 609, 613 (8th Cir. 1993) (holding that counsel's "reasonable trial strategy cannot rise to the level of ineffective assistance of counsel").

Having identified the essential elements of Deutsch's substantive claims, especially in the context of the information supplied by Murphy in his affidavit explaining why he did not call certain witnesses, this Court does not find that the "specific allegations . . . show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief." Newton, 354 F.3d at 783; see also Williams, 2018 WL 2208310, at *5 ("Close scrutiny of the record before this Court, including a careful review of its procedural history, even when the facts are viewed in the light most favorable to Petitioner–Defendant, fails to establish good cause."). Further, this Court is not persuaded that the discovery Deutsch seeks here will meaningfully inform this Court's ultimate decision on the merits of this motion. Three of four of the bases on which Deutsch moves for discovery concern Murphy's alleged failure to challenge or object to certain developments in the case. See Doc. 29 at 5. All of these claims are capable of being evaluated with the existing underlying case's record, in particular, the trial transcript, especially as Murphy has asserted that he did in fact challenge or object on the grounds detailed in the claims. See Williams, 2018 WL 2208310, at *5 ("This is not a credibility issue between Petitioner–Defendant and his counsel because the record before this Court confirms Attorney DeVore's statements and entirely refutes Petitioner–Defendant's new assertions."). Therefore, Deutsch has not established "good cause" sufficient to warrant discovery under Rule 6(a), and his motion for limited discovery, Doc. 29, is denied.

### B. Motion to Compel

Deutsch has separately moved for an order from this Court to compel Murphy to produce his complete legal file, which Deutsch argues Murphy has failed to do despite his obligation to

surrender the complete file under South Dakota Rule of Professional Conduct 1.16(d).  Doc. 28. Deutsch claims that as of the time of the motion, in April 2026, "Murphy [had] not produced the complete file," and he had "not received [Murphy's] discovery materials, his witness interview notes, or any other component of the full file in Murphy's possession." Id. at 5.  Murphy's affidavit directly refutes this.  Doc. 32 at 4.

Under Rule 1.16(d) of the South Dakota Rules of Professional Conduct, "[u]pon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests," which includes "surrendering papers and property to which the client is entitled . . . . The lawyer may retain papers relating to the client to the extent permitted by other law." S.D. Rules of Pro. Conduct r. 1.16(d).  What constitutes "papers and property to which a client is entitled" depends on the jurisdiction. See A.B.A. Comm. on Ethics & Pro. Resp., Formal Op. 471 (2015) (discussing the ethical duties of a lawyer when responding to a former client's request for papers and property in the lawyer's possession that are related to the representation); see also United States v. Vinton, No. CR03-0062, 2007 WL 2363354, at *1–2 (N.D. Iowa Aug. 16, 2007).

But generally, as detailed by the Restatement of the Law Governing Lawyers, "[o]n request, a lawyer must allow a client or former client to inspect and copy any document possessed by the lawyer relating to the representation, unless substantial grounds exist to refuse." Vinton, 2007 WL 2363354, at *1–2 (quoting Restatement (Third) of the Law Governing Lawyers § 46(2) (2000)).  Substantial grounds to refuse could include instances where "[a] lawyer may deny a client's request to retrieve, inspect, or copy documents when compliance would violate the lawyer's duty to another" because "a court's protective order had forbidden copying of a document obtained during discovery from another party, or [] the lawyer reasonably believed that the client

8

would use the document to commit a crime." Restatement (Third) of the Law Governing Lawyers § 46 cmt. c (first citing Restatement (Second) of Agency § 381 (1958); then citing Restatement (Third) of the Law Governing Lawyers § 21). Deutsch appears interested in FBI Form 302 reports, which is discovery produced by the United States and which Murphy likely returned to the United States or destroyed in compliance with the Order Regarding Discovery in Deutsch's underlying criminal case. United States v. Deutsch, No. 5:20-cr-50006, Doc. 81 (referencing Standing Order 19-03 and Amended Standing Order 16-04); Doc. 82 (requiring discovery materials be reviewed with defendant but "not be given to the Defendant or anyone else without the permission of the Court" and be destroyed by defense counsel upon conclusion of the case). Such materials are subject to restricted discovery. See, e.g., United States v. Burns, No. 18-CR-0076, 2019 WL 4440093, at *2 (D. Minn. Sep. 17, 2019) (reviewing incarcerated person's motion for copy of his case file) ("Burns evidently is entitled to some, if not all, of the materials he is seeking to the extent that they exist and have been kept in his case file.").

## III.    Conclusion

For the foregoing reasons, it is hereby

ORDERED that Deutsch's Motion to Compel, Doc. 28, is denied. It is further

ORDERED that Deutsch's Motion for Limited Discovery, Doc. 29, is denied.

DATED this _16_ th day of June, 2026.

BY THE COURT:

ROBERTO A. LANGE
CHIEF JUDGE

9